United States District Court
Middle District of Florida
Jacksonville Division

**MICHAEL S. GEISLER ET AL.,**

    *Plaintiffs,*

v.                                                               **NO. 3:12-CV-1189-J-34PDB**

**FEDEX GROUND PACKAGE SYSTEM, INC.,**

    *Defendant.*

---

# Report and Recommendation

Before the Court are FedEx Ground Package System, Inc.'s motions for taxation of costs under 28 U.S.C. § 1920, Doc. 53, and an award of attorney's fees under Federal Rule of Civil Procedure 68, Florida Statutes § 768.79, and Florida Rule of Civil Procedure 1.442, Doc. 55. The plaintiffs oppose the motion for attorney's fees. Doc. 57. They filed no response to the motion for taxation of costs.

## I. Background

In October 2012, Michael Geisler and Matthew Howell filed a complaint against FedEx. Doc. 1. The Court struck the complaint because it was an impermissible shotgun pleading and inadequately alleged jurisdiction. Doc. 3.

In November 2012, Geisler and Howell filed an amended complaint. Doc. 5. They alleged they were independent contractors working as drivers for FedEx under standard operating agreements until January 2012, when FedEx fired them. Doc. 5 ¶¶ 4, 5, 6, 7, 8, 9, 11, 16, 19, 20. They alleged FedEx breached the operating agreements, Doc. 5 ¶¶ 13–41 (count I) and violated the Florida Deceptive and Unfair

Trade Practices Act, Florida Statutes sections 501.201–501.213, Doc. 5 ¶¶ 42–59 (count II).

In January 2013, FedEx filed an answer and affirmative defenses, Doc. 6. In footnotes, it explained the proper plaintiffs were "Michael S. Geisler d/b/a M. Geisler Inc." and "Matthew E. Howell d/b/a Matt's Delivery Team, Inc." Doc. 6 at 1 nn.1 & 2.

In May 2013, the plaintiffs moved for leave to add those companies—M. Geisler, Inc., and Matt's Delivery Team, Inc.—as plaintiffs. Doc. 12. They explained Howell is the sole officer, director, and shareholder of Matt's Delivery Team, Inc.; Geisler is the sole officer, director, and shareholder of M. Geisler, Inc.; each formed the corporations only to contract with FedEx; and the corporate entities executed the operating agreements. Doc. 12 at 2. The Court granted leave to file a second amended complaint. Doc. 13. The second amended complaint made the same allegations as the first and added M. Geisler, Inc., and Matt's Delivery Team, Inc., as plaintiffs. *See* Doc. 14. FedEx filed an answer and affirmative defenses. Doc. 15. The parties proceeded with discovery through February 2014. Doc. 24.

In March 2014, the parties attended a mediation conference that ended in an impasse. Doc. 33.

In April 2014, FedEx filed a motion to strike or exclude the plaintiffs' expert and her report, Doc. 30, and a motion for summary judgment on both counts, Doc. 35. The plaintiffs opposed both. Doc. 37, Doc. 38. FedEx filed a motion to strike an affidavit attached to the opposition, Doc. 39, and a motion for leave to file a reply, Doc. 40.

On May 21, 2014, FedEx served two proposals for settlement: one to Geisler and M. Geisler, Inc., for $20,000, and one to Howell and Matt's Delivery Team, Inc., for $40,000. Doc. 55-1. Both proposals stated they were made under Federal Rule of Civil Procedure 68, Florida Statutes section 768.79, and Florida Rule of Civil Procedure 1.442. Doc. 55-1 at 2, 5. They explained they were "to pay [p]laintiffs" the

specified amounts "in full and complete settlement of all their claims," no amount was allocated to settle a claim for punitive damages because the plaintiffs had not asserted a claim for punitive damages, and they were intended to resolve all claims for damages, attorney's fees, or costs. Doc. 55-1 at 2–3, 5–6. They each warned, "[a]cceptance by less than both [p]laintiffs shall be deemed a rejection of this [p]roposal." Doc. 55-1 at 2, 5.

After FedEx had served the proposals for settlement, the Court granted leave to file a reply, Doc. 42, and FedEx filed a six-page reply addressing the plaintiffs' arguments that FedEx sanctioned their behavior and that an addendum to the operating agreements was unconscionable, Doc. 43. FedEx filed, and the Court granted or granted in part, two motions to continue the trial until the resolution of the summary judgment motion, Docs. 44, 45, 47, 48. At the Court's request, FedEx filed full transcripts of some depositions. Doc. 49, Doc. 50.

In January 2015, the Court granted FedEx's motion for summary judgment, Doc. 51, and entered judgment in favor of FedEx and against the plaintiffs, Doc. 52. FedEx moved for attorney's fees and taxation of costs, Docs. 53, 55, and the plaintiffs filed a notice of appeal, Doc. 54. The Court deferred ruling on the motions for attorney's fees and taxation of costs until the conclusion of the appeal. Doc. 59. The Eleventh Circuit Court of Appeals dismissed the plaintiffs' appeal, with each party to bear its own attorney's fees and costs. Doc. 60.

## II. Law & Analysis

### A. *Motion for Taxation of Costs*

FedEx seeks **$3723.73** in costs: **$3441.69** for deposition transcripts filed by both sides with FedEx's motion for summary judgment, **$142.60** in photocopying costs it incurred during discovery, and **$139.44** in printing costs it incurred during discovery. Doc. 53 at 2. It attaches a proposed bill of costs, Doc. 53-1, copies of invoices for deposition-related costs, Doc. 53-2 at 2–8, spreadsheets showing costs for copying

3

and printing, Doc. 53-2 at 9–10, and an affidavit from Madid Gonzalez, Esquire, a senior attorney at the firm representing FedEx, declaring that the attachments are true and correct copies and the requested costs were necessarily incurred, Doc. 53-3.

Federal Rule of Civil Procedure 54(d)(1) codifies the "venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 377 (2013). It provides that costs "should be allowed to the prevailing party" unless federal law or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). While using "should" makes clear that "whether to award costs ultimately lies within the sound discretion of the district court," *Marx*, 568 U.S. at 377, if a court exercises its discretion to deny full costs, it "must have and state a sound basis," *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc).

Section 1920 of Title 28 of the United States Code limits a district court's discretion under Rule 54(d)(1) by listing costs a court may allow. *Maris Distr. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). They are:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Section 1920 reflects congressional policy to place "rigid controls on cost-shifting in federal courts." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987). "[A]s is evident from § 1920," costs are "limited to relatively minor, incidental expenses," and "almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (internal quotation marks omitted).

"Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964), *disapproved of on another ground by Crawford,* 482 U.S. at 443. Once the prevailing party has shown the requested costs are allowable under § 1920, the losing party must rebut the presumption favoring their award. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). The losing party may do so by presenting some rationale under which the court should not allow costs. *168th & Dodge, LP v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 958 (8th Cir. 2007). A court may decline to allow costs in § 1920 but may not allow costs not in § 1920. *Crawford*, 482 U.S. at 442–43.

For a transcript or photocopy, whether the cost is allowable depends on whether it was reasonably necessary for the movant to obtain the transcript or copy (allowable) or the movant obtained the transcript or copy merely for convenience, to aid in thorough preparation, or for investigative purposes (not allowable). *EEOC v. W&O, Inc.*, 213 F.3d 600, 620, 623 (11th Cir. 2000). Costs associated with depositions relied on for summary judgment motions are taxable. *Id.* at 621. That a deposition transcript was not used at summary judgment does not preclude a determination it was reasonably necessary absent a showing it was unrelated to an issue in the case when it was taken. *Id.* at 621–22.

A copy need not be used as a court exhibit or furnished to the court or opposing counsel to be deemed necessary. *Id.* Copies attributable to discovery are taxable. *Id.* Costs for general copying are not. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). A court may exclude costs of copying if the requesting party makes no

5

showing the copies were necessary for the case. *See Pelc v. Nowak,* 596 F. App'x 768, 771 (11th Cir. 2015) (district court did not abuse discretion in awarding costs only for the filing fee, service of process, and court costs and excluding costs of copying where plaintiffs "made no showing that the copies were necessary for use in the case"); *Watson,* 492 F. App'x at 998 (remanding for further findings where district court awarded costs for "B&W printing" and "color copies" but record did not explain what documents were actually copied).[1]

FedEx requests **$3441.69** in costs associated with the depositions of Geisler, Howell, Brian Berryhill, Donald Stratmann, Eddy Contreras, and Garland Fuller. Doc. 53 at 2; Doc. 53-2 at 2–8. The requested deposition-related costs are:

| **Plaintiff Michael Geisler's November 2013 Deposition** | |
|---|---|
| "No-write" | 250.00 |
| Court reporter transcript fee ($3.85/pg.) | 642.95 |
| Court reporter transcript exhibit fee | 13.50 |
| Shipping | 8.00 |
| **Plaintiff Michael Geisler's March 2014 Deposition** | |
| Court reporter transcript fee ($3.85/pg.) | 196.35 |
| Court reporter transcript exhibit fee | 14.50 |
| **Plaintiff Matthew Howell's November 2013 Deposition** | |
| Court reporter transcript fee ($3.85/pg.)[2] | 770.00 |
| Court reporter transcript exhibit fee | 27.00 |
| Shipping | 8.00 |
| **Plaintiff Matthew Howell's March 2014 Deposition** | |
| Court reporter transcript fee ($3.85/pg.) | 215.60 |
| Court reporter transcript exhibit fee | 6.25 |

---

[1]Section 1920 contains no requirement that printing be necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(3). Nevertheless, courts often consider printing costs with copying costs. *See, e.g. Watson,* 492 F. App'x at 998; *Denton v. DaimlerChrysler Corp.,* 645 F. Supp. 2d 1215, 1228 (N.D. Ga. 2009) (allowing costs for "copies printed from data discs" where defendant challenged costs but plaintiff explained documents on disc were unusable in that form; court found explanation was reasonable and costs were proper).

[2]The invoice for Howell's November 2013 deposition does not indicate a price per page or a number of pages. *See* Doc. 53-2 at 3. The transcript of Howell's deposition on the docket, including the word index, is 200 pages long. Based on the total charges, the per-page rate appears to be $3.85.

6

| | |
|---|---:|
| Unexplained charges | 8.00 |
| **Witness Brian Berryhill's Deposition** | |
| Court reporter transcript fee ($3.40/pg.) | 156.40 |
| Shipping | 4.99 |
| **Witness Donald Stratmann's Deposition** | |
| Court reporter transcript fee ($3.85/pg.) | 246.40 |
| Court reporter transcript exhibit fee | 4.50 |
| Overnight expediting ($3.85/pg.) | 192.50 |
| Shipping | 8.00 |
| **Witness Eddy Contreras's Deposition** | |
| Court reporter transcript fee ($2.75/pg.) | 308.00 |
| Court reporter transcript exhibit fee | 78.50 |
| Digital transcript/exhibits | 30.00 |
| Condensed transcript | 30.00 |
| **Witness Garland Fuller's Deposition** | |
| Court reporter transcript fee ($2.75/pg.) | 123.75 |
| Court reporter transcript exhibit fee | 13.50 |
| Digital transcript/exhibits | 30.00 |
| Condensed transcript | 30.00 |
| Shipping | 25.00 |
| **Total** | **$3441.69** |

FedEx submitted excerpts of transcripts from Geisler's, Howell's, Contreras's, and Stratmann's depositions to support its motion for summary judgment and reply, *see* Docs. 35-1–35-8, 43-1, and later, at the Court's request, filed full transcripts of Howell's, Geisler's, and Contreras's depositions, *see* Docs. 49, 50. The plaintiffs submitted excerpts of transcripts from Geisler's, Howell's, Contreras's, Fuller's, and Berryhill's depositions to support its opposition to the motion for summary judgment. *See* Docs. 38-1–38-8. Though FedEx did not rely on Fuller's or Berryhill's depositions to support its motion for summary judgment or reply, the plaintiffs' reliance on them shows they are related to issues and it was reasonably necessary for FedEx to obtain them. The plaintiffs have not argued any deposition was not reasonably necessary. Awarding costs for the deposition transcripts themselves is warranted.[3]

---

[3]On the invoices for Howell's, Geisler's, and Stratmann's depositions, the descriptions next to the transcript fees indicate FedEx received the original and one copy. Doc. 53-2 at 3, 4, 5, 7. The per-page rates suggest the fees were for the originals only,

I also recommend awarding the costs for the deposition exhibits (presumably related to photocopying them). Photocopies of exhibits about which a deponent testifies aid in understanding the testimony and thus may be allowed as "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(4) (quoted); *see also Kidd v. Mando Am. Corp.*, 870 F. Supp. 2d 1297, 1298–99 (M.D. Ala. 2012) (cited with approval in *Lankhorst v. Indep. Sav. Plan Co.*, No. 3:11-cv-390-J-34JRK, 2015 WL 5724369, at *7 n.8 (M.D. Fla. Sept. 28, 2015) (Howard, J.) (unpublished)). The invoices provide no information on the number of pages copied or the price per page, but the plaintiffs have presented no argument that the fees are unreasonably high.

Costs for duplicate copies of transcripts may be taxable if they were necessarily obtained for use in the case. *See United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963); *Watson v. Lake Cty.*, 492 F. App'x 991, 998 (11th Cir. 2012). For Contreras's and Fuller's depositions, FedEx has not explained why digital and condensed copies of the transcript were necessary in addition to the printed transcripts. Excluding **$120** for the digital and condensed copies of the transcripts of Contreras's and Fuller's depositions is warranted.

Costs for expedited transcripts may be taxable if they are necessary. *Maris*, 302 F.3d at 1225–26. FedEx has not explained why it ordered expedited processing of Stratmann's deposition or shown it was necessary. Excluding the **$192.50** for overnight expediting is warranted.

Costs for shipment of depositions are not taxable under § 1920. *Watson*, 492 F. App'x at 997. Excluding the **$53.99** for shipping the transcripts is warranted.

FedEx has not explained what a "no-write" fee is. *See generally* Doc. 53. It does not appear to be for a transcript, copy, or other permissible cost under § 1920. Absent

---

with the copies included as a courtesy. *See* Doc. 53-2 at 3, 4, 5, 7. Absent objection from the plaintiffs, awarding the full fees for those transcripts is warranted.

an explanation, excluding the **$250** "no-write" fee for Geisler's deposition is warranted.

The invoice dated March 19, 2014, for Geisler's and Howell's depositions lists charges totaling **$432.70**, indicates the invoice continues to a second page, and lists a total amount due of **$440.70**. Doc. 53-2 at 5. No second page is attached. Absent explanation of the nature of the additional **$8**, excluding that cost is warranted.[4]

Thus, taxing the following deposition costs is warranted:

| | |
|---|---|
| **Plaintiff Michael Geisler's November 2013 Deposition** | |
| ~~"No-write"~~ | ~~250.00~~ |
| Court reporter transcript fee ($3.85/pg.) | 642.95 |
| Court reporter transcript exhibit fee | 13.50 |
| ~~Shipping~~ | ~~8.00~~ |
| **Plaintiff Michael Geisler's March 2014 Deposition** | |
| Court reporter transcript fee ($3.85/pg.) | 196.35 |
| Court reporter transcript exhibit fee | 14.50 |
| **Plaintiff Matthew Howell's November 2013 Deposition** | |
| Court reporter transcript fee | 770.00 |
| Court reporter transcript exhibit fee | 27.00 |
| ~~Shipping~~ | ~~8.00~~ |
| **Plaintiff Matthew Howell's March 2014 Deposition** | |
| Court reporter transcript fee ($3.85/pg.) | 215.60 |
| Court reporter transcript exhibit fee | 6.25 |
| ~~Unexplained charges~~ | ~~8.00~~ |
| **Witness Brian Berryhill's Deposition** | |
| Court reporter transcript fee ($3.40/pg.) | 156.40 |
| ~~Shipping~~ | ~~4.99~~ |
| **Witness Donald Stratmann's Deposition** | |
| Court reporter transcript fee ($3.85/pg.) | 246.40 |
| Court reporter transcript exhibit fee | 4.50 |
| ~~Overnight expediting ($3.85/pg.)~~ | ~~192.50~~ |
| ~~Shipping~~ | ~~8.00~~ |
| **Witness Eddy Contreras's Deposition** | |
| Court reporter transcript fee ($2.75/pg.) | 308.00 |

---

[4]The invoices for some other depositions list an $8 charge for shipping. *See* Doc. 53-2 at 3, 4, 7. The unexplained $8 charge for Geisler's and Howell's depositions is likely for shipping, which is nontaxable under § 1920. *See Watson*, 492 F. App'x at 997.

9

| | |
|---|---|
| Court reporter transcript exhibit fee | 78.50 |
| ~~Digital transcript/exhibits~~ | ~~30.00~~ |
| ~~Condensed transcript~~ | ~~30.00~~ |
| **Witness Garland Fuller's Deposition** | |
| Court reporter transcript fee ($2.75/pg.) | 123.75 |
| Court reporter transcript exhibit fee | 13.50 |
| ~~Digital transcript/exhibits~~ | ~~30.00~~ |
| ~~Condensed transcript~~ | ~~30.00~~ |
| ~~Shipping~~ | ~~25.00~~ |
| **Total** | **$2817.20** |

FedEx requests **$142.60** in copying costs and explains it incurred them "as a result of the discovery process, including document productions and exhibits at multiple depositions, the filings before this Court, and overall fact investigation." Doc. 53 at 2. The spreadsheet attached to the motion shows billing for copies of **1426** pages at **$.10** a page. Doc. 53-2 at 9. Each billing entry is described as "Duplicating Usage." Doc. 53-2 at 9. FedEx also requests **$139.44** for printing costs for the same reason as the copying costs. Doc. 53 at 2. The attached spreadsheet shows it billed that amount for "Other Duplicating."[5] Doc. 53-2 at 10. It does not provide information on the number of pages printed or the price per page. *See generally* Doc. 53-2 at 10.

Here, though the spreadsheet provides no useful information about the nature of the documents copied or printed, given the description in FedEx's motion, the affidavit stating the costs were necessarily incurred, and the absence of objection from the plaintiffs, awarding costs for copying and printing is warranted. *See Perkins*, 2012 WL 3244512, at *2 (awarding photocopy costs despite lack of evidence for request where $120.80 requested was "de minimis" and losing party did not oppose the request); *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 n.2 (E.D. Mich. 1995) (remarking that a general affidavit stating costs were necessarily incurred may support unopposed motion to tax costs but does not suffice after nonprevailing party has challenged necessity and reasonableness). The **$.10** per page for copying is

---

[5]The spreadsheet also includes **$745.20** in printing charges not included in FedEx's request for taxation of costs. *See generally* Doc. 53; Doc. 53-2 at 10.

reasonable.[6] The spreadsheet does not state the per-page rate for printing, but the plaintiffs have not argued the charges are unreasonable. Awarding **$142.60** for photocopying and **$139.44** for printing documents necessary for discovery is warranted.

Thus, awarding **$3099.24** in costs (**$2817.20** for deposition transcripts and copies of exhibits, **$142.60** for photocopying, and **$139.44** for printing) is warranted.

*B.     Attorney's Fees*

FedEx seeks **$19,887** in attorney's fees for work it performed on the Florida Deceptive and Unfair Trade Practices Act claim after it served the proposals for settlement on the plaintiffs.[7] Doc. 55. It contends it is entitled to the fees because it made the proposals in good faith, they meet the requirements of Florida Statutes § 768.79(2) and Florida Rule of Civil Procedure 1.442(c)(2), and the plaintiffs are deemed to have rejected reasonable proposals because they recovered nothing. Doc. 55 at 2–3.

FedEx contends the requested fees are reasonable under the lodestar method. Doc. 55 at 4–8. The requested **$19,887** is for **59.1** hours of work by two attorneys at **$350** an hour and one paralegal at **$160** an hour. Doc. 55 at 5. FedEx breaks the fees into four categories: (1) **$5642** for fees related to the reply to support its motion for

---

[6]When costs for copying were allowed, courts in the Middle District of Florida in 2012 and 2013 found reasonable **$.10** to **$.15** per page. *See Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC*, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *5 (M.D. Fla. Nov. 21, 2013) (unpublished) (citing cases); *Perkins v. Tolen*, No. 3:10-cv-851-J-37TEM, 2012 WL 3244512, at *3 (M.D. Fla. July 13, 2012) (unpublished) (citing cases).

[7]FedEx does not seek fees for work done solely on the breach-of-contract claim. *See generally* Doc. 55. As the plaintiffs point out, that claim was governed by Pennsylvania law under a choice-of-law provision in the operating agreements. *See* Doc. 57 at 4 n.1; *Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So. 3d 73, 81 (Fla. 2012) (section 768.79 is substantive for conflict-of-laws purposes and does not apply where the parties have agreed to be governed by the substantive law of another jurisdiction).

11

summary judgment; (2) **$10,150** for fees relating to trial preparation, including assessing potential motions in limine, pretrial deadlines, witness selection and preparation, case assessment, and trial continuances; (3) **$140** for time spent on settlement discussions; and (4) **$3955** for fees related to litigating its entitlement to costs and attorney's fees. Doc. 55 at 7. It explains the breach-of-contract and FDUTPA claims are inextricably intertwined, but it has "painstakingly reviewed" its records to remove any fees solely attributable to the breach-of-contract claim. Doc. 55 at 6–7.

To support the motion for attorney's fees, FedEx attaches the proposals for settlement, Doc. 55-1; a declaration from Sharon Lisitzky, a partner at the firm representing FedEx, Doc. 55-2 at 2–4; and billing records for work performed from May 29, 2014, to February 17, 2015. Doc. 55-2 at 5–11. The billing records show FedEx excluded three entries for work related to the breach-of-contract claim. Doc. 55-2 at 5 (highlighted entries).

The plaintiffs oppose the motion. Doc. 57. They do not contest that the proposals were made in good faith but contend FedEx is not entitled to attorney's fees because the proposals for settlement were made jointly to the individual plaintiffs and their businesses, did not apportion the amounts to each, and required all-or-nothing acceptance, making them invalid and unenforceable under Florida law. Doc. 57 at 2–4. They explain, "While it is true that each individual plaintiff is the principal of his respective corporation, each plaintiff should still be given the opportunity to evaluate the offer independently." Doc. 57 at 3.

The plaintiffs also contend the amount of fees requested is unreasonable. Doc. 57 at 4–6. They contend FedEx should recover no fees related to the reply because it addressed only issues pertaining to the breach-of-contract claim. Doc. 57 at 5. They contend some of the time entries are unrecoverable because they are for duplicative or clerical work. Doc. 57 at 5. Thy specifically point to July 17, 2014, and February 9, 2015, phone calls attended by both Lisitzky and Gonzalez and January 13 and 15,

2015, entries by Lisitzky and Gonzalez for reviewing the summary-judgment order and calendaring related deadlines. Doc. 57 at 5.

1.   *Entitlement*

Under Federal Rule of Civil Procedure 68, a defendant "may serve an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the opposing party does not accept the offer and obtains a less-favorable final judgment, "the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Under Florida law,

> If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.

Fla. Stat. § 768.79(6)(a).[8] The offer is construed as including all damages that may be awarded in a final judgment and must:

a)   Be in writing and state that it is being made pursuant to [Fla. Stat. § 768.79].

b)   Name the party making it and the party to whom it is being made.

---

[8]Section 768.79 and Florida Rule of Civil Procedure 1.442 use the terms "offer of judgment" and "proposal for settlement" interchangeably. *See* Fla. Stat. § 768.79; Fla. R. Civ. P. 1.442; *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 632 F.3d 1195, 1198 n.2 (11th Cir. 2011).

13

c)  State with particularity the amount offered to settle a claim for punitive damages, if any.

d)  State its total amount.

Fla. Stat. § 768.79(2)(a)–(d).

Florida Rule of Civil Procedure 1.442 provides procedures implementing section 768.79. *Primo v. State Farm Mut. Auto. Ins. Co.*, 661 F. App'x 661, 664 (11th Cir. 2016). Under subsection (c), "A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal," and, "A joint proposal shall state the amount and terms attributable to each party." Fla. R. Civ. P. 1.442(c)(3). Section 768.79 and Rule 1.442 must be strictly construed because they depart from the common law rule that each party must pay its own attorney's fees. *Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007). [9]

---

[9] Under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). If it is unclear if an issue is procedural or substantive and no federal statute or federal rule is on point, federal courts apply the "outcome determinative" test and "apply the [state] law if its application would be so important to the outcome that failure to apply it would unfairly discriminate against citizens of the forum State, or be likely to cause a plaintiff to choose the federal court." *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011) (internal quotation marks omitted). The outcome determinative test "cannot be read without reference to the twin aims of the *Erie* [doctrine]: discouragement of forum shopping and avoidance of inequitable administration of the laws." *Hanna v. Plumer*, 380 U.S. 460, 468 (1965).

Section 768.79 is substantive for purposes of *Erie*. *Jones v. United Space Alliance, LLC,* 494 F.3d 1306, 1309 (11th Cir. 2007). Some subsections of Florida Rule of Civil Procedure 1.442 are substantive, while others are procedural. *See Horowitch*, 645 F.3d at 1258 (Rule 1.442(c)(2)(F)'s requirement that proposal state whether attorney's fees are included is substantive because it "prescribes specific, substantive terms that an offer of judgment must include"; subsection (c)(2)(G)'s certificate-of-service requirement is procedural and does not apply in federal court because it conflicts with the Federal Rules of Civil Procedure); *Primo*, 661 F. App'x at 665 n.1 (observing without deciding that Rule 1.442(c)(2)(B) is likely substantive); *Divine Motel Grp., LLC v. Rockhill Ins. Co.,* No. 3:14-cv-31-J-34JRK, 2017 WL 1161307, at *2–4 (M.D. Fla. Mar. 29, 2017) (unpublished)

The purpose of Rule 1.442(c)(3) is "to allow each offeree to evaluate the terms and the amount of the offer as it pertains to him or her." *Pratt v. Weiss*, 161 So. 3d 1268, 1272 (Fla. 2015). "[A] defendant must differentiate an offer of judgment or a proposal of settlement to multiple plaintiffs such that each party can independently evaluate and act upon the offer or proposal." *Attorneys' Title Ins. Fund, Inc. v. Gorka*, 36 So. 3d 646, 651 (Fla. 2010). "[P]roposals are invalid when offered to multiple

---

(Howard, J.) (appeal pending) (overruling objection to report & recommendation and finding Rule 1.442(b) substantive for *Erie* purposes).

In finding Rule 1.442(c)(2)(F) (requiring an offer of judgment to "state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim") substantive, the Eleventh Circuit explained it "prescribes specific, substantive terms that an offer of judgment must include, and these terms matter to the parties because the inclusion or exclusion of attorney's fees is material to an offeree's ability to evaluate an offer." *Horowitch*, 645 F.3d at 1258. Under the outcome-determinative test, "it would be unfair not to apply the rule in federal court, and … it is therefore substantive for *Erie* purposes." *Id.*

Federal courts sitting in diversity have applied the requirements of Florida Rule of Civil Procedure 1.442(c)(3) but have not explicitly determined if it is procedural or substantive. *See, e.g. Bradfield v. Mid-Continent Cas. Co.*, No. 16-17385, 2017 WL 2458905, at *2 (11th Cir. June 7, 2017) (unpublished) (affirming denial of attorney's fees; offer of judgment was unenforceable under Rule 1.442(c)(3) because it conditioned settlement on married couple's mutual acceptance of a lump sum and joint release of claims); *Alansari v. Tropic Star Seafood Inc.*, 395 F. App'x 629, 632 (11th Cir. 2010) (affirming denial of attorney's fees; record supported district court's alternative ruling that proposal was facially invalid because it did not address how much of the settlement was attributable to each plaintiff); *Feldkamp v. Long Bay Partners, LLC*, No. 2:09-cv-253-FtM-29SPC, 2012 WL 3941773, at *2 (M.D. Fla. Sept. 10, 2012) (unpublished) (denying motion for attorney's fees for failure to comply with Rule 1.442(c)(3)); *KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 194 F. App'x 591, 598 (11th Cir. 2006) (district court did not abuse discretion in denying request for attorney's fees; joint proposal facially invalid and void for failure to differentiate between parties under Rule 1.442(c)(3)).

Rule 1.442(c)(3) does not conflict with any federal rule or statute, and it is outcome determinative: a proposal for settlement that states the amount attributable to each party may be valid and support a claim for attorney's fees, while one that does not is invalid. Like Rule 1.442(c)(2)(F), it prescribes substantive terms a proposal must include (the amount and terms attributable to each party), and those terms matter because they affect each offeree's ability to evaluate the proposal individually. Failure to apply it in federal court could encourage forum shopping because it would relieve litigants from the rule's strict requirements, making it easier to obtain an attorney's fee award. FedEx has not argued it should not apply. *See generally* Doc. 55. It is substantive and applies here.

15

parties and conditioned upon acceptance by all." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 632 F.3d 1195, 1201 (11th Cir. 2011). A proposal conditioned on the agreement of both parties "prohibits either party from independently evaluating and accepting the amount offered." *Gorka*, 36 So. 3d at 651.

The rule establishes a "bright line." *Bradfield v. Mid-Continent Cas. Co.*, No. 16-17385, 2017 WL 2458905, at *2 (11th Cir. June 7, 2017) (unpublished). "Even where no logical apportionment can be made, it is nonetheless required where more than one offeror or offeree is involved." *Pratt*, 161 So. 3d at 1272–73. There is no exception for offers made to an organization and its sole owner. *See Easters v. Russell*, 942 So. 2d 1008, 1009 (Fla. Dist. Ct. App. 2006), *rev. denied*, 966 So. 2d 966 (Fla. 2007) (joint proposal of settlement to physician and professional association exclusively owned and controlled by physician unenforceable, even though physician "would appear to have total control of both her personal decision and that of her professional association"), *cited with approval in Pratt*, 161 So. 3d at 1272–73; *see also KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 194 F. App'x 591, 598 (11th Cir. 2006) (rejecting argument that apportionment was not required because plaintiffs, an individual and a corporation, claimed the same damages; joint proposal facially invalid and void for failure to differentiate between parties under Rule 1.442(c)(3)).

The proposals for settlement are facially invalid because they do not attribute the settlement amounts between the individual and corporate plaintiffs and they condition the settlement on acceptance by both. Though it may seem illogical to require apportionment in settlement offers to a company and its sole owner when both assert the same claims and seek the same relief, that is not a ground to waive the requirement. *See Pratt*, 161 So. 3d at 1272–73; *Easters*, 942 So. 2d at 1009. Under the strict construction of Rule 1.442(c)(3) required under Florida law, the proposals had to state the amounts attributable to each party. Their failure to do so, with the

16

condition that both plaintiffs had to accept the proposal, deprived the plaintiffs of their ability to independently evaluate and act on them and rendered them invalid.[10]

Denying FedEx's motion for attorney's fees is warranted.[11]

*2. Reasonableness*

Because the proposals for settlement were facially invalid, denying FedEx's motion for attorney's fees without reaching the issue of the reasonableness of the requested fees is warranted. If the district judge disagrees, the undersigned is prepared to expeditiously enter a supplemental report and recommendation on the reasonableness of the requested fees.

---

[10]Under Florida Rule of Civil Procedure 1.442(c)(4), there is a narrow exception for parties "alleged to be solely vicariously, constructively, derivatively, or technically liable, whether by operation of law or by contract." A joint proposal "served on such a party need not state the apportionment or contribution as to that party," and acceptance is "without prejudice to rights of contribution or indemnity." *Id.*

The exception does not apply here because, strictly construing it, it applies only to parties subject to certain types of liability. No claims were asserted against any plaintiff, no plaintiff was subject to liability, and thus no plaintiff qualifies for the exception in subsection (c)(4).

[11]Under Fed. R. Civ. P. 54(d)(2)(B)(i), a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." *Accord* Local Rule 4.18. Under Fla. Stat. § 768.79(6), a motion for attorney's fees must be made "within 30 days after the entry of judgment." FedEx filed its motion for attorney's fees 33 calendar days after the court entered judgment. *See* Doc. 52 (judgment entered Jan. 15, 2015); Doc. 55 (motion for attorney's fees filed Feb. 17, 2015). The 30th day was a Saturday, and the Court was closed for a holiday the following Monday.

In response to the motion for attorney's fees, the plaintiffs observe the motion was filed outside the federal deadline and state, "Therefore, Defendant's claim for fees rests exclusively on Florida law relating to offers of judgment." Doc. 57 at 1. Because the plaintiffs do not assert the motion was untimely and I recommend denying it for another reason, it is unnecessary to determine which period applies.

### III. Recommendation[12]

I recommend:

1. **granting** in part FedEx's motion for taxation of costs, Doc. 53;

2. **directing** the clerk to enter judgment awarding FedEx **$3099.24** in taxable costs and adjust the bill of costs accordingly; and

3. **denying** FedEx's motion for attorney's fees, Doc. 55.

**Entered** in Jacksonville, Florida, on August 28, 2017.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: The Honorable Marcia Morales Howard
Counsel of Record

---

[12] A party must file any objection to a report and recommendation within 14 days after service. Fed. R. Civ. P. 72(a), (b)(2). A party's failure to serve and file specific objections alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(a), (b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.